UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| E. HARRIS, JR., <br><br> Plaintiff, <br><br> vs. <br><br> CAROLYN W. COLVIN, Acting Commissioner, <br><br> Defendant. | Case No. SACV 14-0383-GW (RNB) <br><br> ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

Since this case was filed without prepayment of the filing fee, it is subject to 28 U.S.C. § 1915(e)(2), which obligates the Court to dismiss the case if the Court determines that the action is frivolous or malicious, or fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.[1]

---

[1] Although § 1915(e)(2)(B) was enacted as part of the Prison Litigation Reform Act of 1995 ("PLRA"), it applies to all in forma pauperis complaints. See, e.g., Calhoun v. Stahl, 254 F.3d 845, (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); Lopez v. Smith, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) ("[S]ection 1915(e) applies to all in forma pauperis complaints[.]").

1

The Court's screening of the Complaint under 28 U.S.C. § 1915(e)(2)(B) is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In determining whether the Complaint states a claim on which relief may be granted, its allegations of material fact must be taken as true and construed in the light most favorable to plaintiff. See Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). Further, since plaintiff is appearing pro se, the Court must construe the allegations of the Complaint liberally and must afford plaintiff the benefit of any doubt. See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988). However, "the liberal pleading standard … applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

After careful review and consideration of the allegations of the Complaint under the foregoing standards, the Court finds that its allegations are insufficient to state a claim on which relief may be granted for the reasons discussed below. Accordingly, the Complaint is dismissed with leave to amend. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (holding that a pro se litigant must be given leave to amend his complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment). If plaintiff still desires to proceed with this action, he is ordered to file a First Amended Complaint rectifying the pleading deficiencies discussed below on or before **April 16, 2014.**

//
//

# DISCUSSION

**A.     Plaintiff has failed to allege sufficient facts to establish that the Court has subject matter jurisdiction.**

Under Weinberger v. Salfi, 422 U.S. 749, 760-61, 95 S. Ct. 2457, 45 L. Ed. 2d 522 (1975), 42 U.S.C. § 405(g) is the exclusive means for judicial review of decisions of the Commissioner of Social Security. See Salfi, 422 U.S. at 757. 42 U.S.C. § 405(g) limits district court jurisdiction in a case challenging the denial of social security benefits to reviewing the final decision of the Commissioner. A final decision has two elements: (1) presentment of the claim to the Commissioner, and (2) complete exhaustion of administrative remedies.

Here, it appears from the face of the Complaint that plaintiff satisfied the presentment requirement. However, as a result of plaintiff's failure to complete ¶ 7 of the Complaint form, it is unclear from the face of the Complaint whether plaintiff ever sought Appeals Council review of the adverse decision of the Administrative Law Judge ("ALJ"), which is the third and final stage of the administrative review process. Although the exhaustion requirement is waivable by either the Commissioner or the courts, see Matthews v. Eldridge, 424 U.S. 319, 330, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1975); Johnson v. Shalala, 2 F.3d 918, 921 (9th Cir.1993), plaintiff does not allege in the Complaint that the Commissioner waived the exhaustion of administrative remedies requirement. Moreover, this is not an appropriate case for the Court to waive the exhaustion of administrative remedies requirement because plaintiff's claims are not collateral to the claim for benefits that plaintiff presented administratively. See Bowen v. City of New York, 476 U.S. 467, 483-84, 106 S. Ct. 2022, 90 L. Ed. 2d 462; Kildare v. Saenz, 325 F.3d 1078, 1082-84 (9th Cir. 2003).

//
//
//

**B.      It appears from the face of the Complaint this action has not been timely filed.**

The Social Security Act affords a claimant "sixty days" from the "mailing" of notice of the Commissioner's final decision or "such further time as the Commissioner of Social Security may allow" in which to commence a civil action. See 42 U.S.C. § 405(g) (first sentence). "[T]he Congressional purpose, plainly evidenced in Section 205(g), [was] to impose a 60-day limitation upon judicial review of the Secretary's[2] final decision on the initial claim for benefits." Califano v. Sanders, 430 U.S. 99, 108, 97 S. Ct. 980, 51 L. Ed. 2d 192 (1977). "In addition to it serving its customary purpose, the statute of limitations embodied in § 405(g) is a mechanism by which Congress was able to move cases to speedy resolution in a bureaucracy that processes millions of claims annually." Bowen, 476 U.S. at 481. The Ninth Circuit repeatedly has upheld the 60-day statute of limitations,[3] in affirming the dismissal of claims that were not timely filed. See, e.g., Banta v. Sullivan, 925 F.2d 343 (9th Cir. 1991); Matlock v. Sullivan, 908 F.2d 492 (9th Cir. 1990); Peterson v. Califano, 631 F.2d 628 (9th Cir. 1980).

Here, plaintiff has confusingly alleged in ¶ 6 of the Complaint that his administrative hearing was held on December 7, **2012**, and that the date of denial of plaintiff's claim was "January 4, **2011** & before." The Court notes that, under the Commissioner's regulations, a request for review must be made within 30 days from

---

[2]      Pursuant to P.L. No. 103-296, the Social Security Independence and Improvements Act of 1994, the function of the Secretary of Health and Human Services was transferred to the Commissioner of Social Security effective March 31, 1995.

[3]      Under the Commissioner's regulations, the 60-day period runs from the date the claimant or the claimant's representative receives notice of the Appeals Council decision, and it is presumed that the notice was received 5 days after the date of the notice unless a showing to the contrary is made. See 20 C.F.R. § 405.5.

the date the hearing officer mails the notice of decision to the claimant or the claimant's representative. See 20 C.F.R. § 404.1775(b); see also 20 C.F.R. § 1715(b). However, even assuming that plaintiff did seek Appeals Council review following the ALJ's adverse decision in a timely manner and that the Appeals Council then denied review, as a result of plaintiff's failure to complete ¶ 7 of the Complaint form, it is unclear from the face of the Complaint whether the Complaint was filed within 65 days of the Appeals Council's denial of review.

Moreover, plaintiff has not alleged sufficient facts in the Complaint to warrant any equitable tolling of the limitation period. The equitable tolling doctrine is reserved for the "rare cases" where the Government's "secretive conduct" prevents a claimant from knowing of a violation of his or her rights. See, e.g., Bowen, 476 U.S. at 480-81; Johnson, 2 F.3d at 923. The Court also notes that neither plaintiff's unfamiliarity with the legal process nor his lack of legal representation during the applicable filing period(s) nor his lack of knowledge of the applicable filing deadline(s) is a sufficient excuse to warrant equitable tolling of the limitation period. See Barrow v. New Orleans S.S. Ass'n, 932 F.2d 473, 478 (5th Cir. 1991); Gibson v. Colvin, 2013 WL 5797103, at *2 (N.D. Tex. Oct. 28, 2013) (social security case); see also Hinton v. Pacific Enterprises, 5 F.3d 391, 396-97 (9th Cir. 1993) (mere ignorance of the law generally is an insufficient basis to equitably toll the running of an applicable statute of limitations), cert. denied, 511 U.S. 1083 (1994).

In Jones v. Bock, 549 U.S. 199, 215, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007), a case arising under the PLRA, the Supreme Court made the following observation with specific reference to the statute of limitations defense:

> "A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief. If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim; that does not make the statute of limitations any less an

affirmative defense, see Fed. Rule Civ. Proc. 8(c)."

Thus, under both the pre-PLRA version of the ifp statute (former 28 U.S.C. § 1915(d), which only <u>permitted</u> sua sponte dismissal of frivolous and malicious claims) and the current version (28 U.S.C. § 1915(e)(2), which now <u>mandates</u> sua sponte dismissal not only of frivolous and malicious claims, but also claims that fail to state a claim), the Circuit courts (including the Ninth Circuit in <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1228-29 (9th Cir. 1984)) have held that district courts may sua sponte dismiss ifp complaints as time barred, when the defense is obvious from the face of the complaint.  See, e.g., <u>Alexander v. Fletcher</u>, 2010 WL 737262, at *1 (3d Cir. Mar. 4, 2010) (now citable per Fed. R. App. P. 32.1); <u>Fogle v. Pierson</u>, 435 F.3d 1252, 1258 (10th Cir.), <u>cert. denied</u>, 549 U.S. 1059 (2006); <u>Hughes v. Lott</u>, 350 F.3d 1157, 1163 (11th Cir. 2003); <u>Nasim v. Warden, Maryland House of Correction</u>, 64 F.3d 951, 956 (4th Cir. 1995), <u>cert. denied</u>, 516 U.S. 1177 (1996); <u>Pino v. Ryan</u>, 49 F.3d 51, 53-54 (2d Cir. 1995); <u>Moore v. McDonald</u>, 30 F.3d 616, 620 (5th Cir. 1994); <u>Johnson v. Rodriguez</u>, 943 F.2d 104, 107 (1st Cir. 1991), <u>cert. denied</u>, 502 U.S. 1063 (1992); <u>Franklin</u>, 745 F.2d at 1229-30.

**C.  Plaintiff has not alleged sufficient facts to state a claim on which relief may be granted.**

Separate and apart from the foregoing pleading deficiencies, the Court notes that district court review of an ALJ's decision is limited to determining whether the ALJ's findings are supported by substantial evidence and whether the proper legal standards were applied.  See <u>DeLorme v. Sullivan</u>, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance.  See <u>Richardson v. Perales</u>, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); <u>Desrosiers v. Secretary of Health & Human Servs.</u>, 846 F.2d 573, 575-76 (9th Cir. 1988).  Substantial evidence is "such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401.  The Court reviews the record as a whole and considers adverse as well as supporting evidence.  See Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986).  However, where evidence is susceptible of more than one rational interpretation, the ALJ's decision must be upheld.  See Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984).

Here, plaintiff has failed to specify in ¶ 8 of the Complaint the respects in which he contends that the ALJ's findings are not supported by substantial evidence and/or that the proper legal standards were not applied.  Thus, in this respect as well, the allegations of the Complaint are insufficient to state a claim against the Commissioner on which relief may be granted.

*******************

If plaintiff chooses to file a First Amended Complaint, it should bear the docket number assigned in this case; be labeled "First Amended Complaint"; and be complete in and of itself without reference to the original Complaint, or any other pleading, attachment or document.

**Plaintiff is admonished that, if he fails to timely file a First Amended Complaint, the Court will recommend that this action be dismissed with prejudice for the reasons stated above and/or for failure to diligently prosecute.**

DATED: March 17, 2014

ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE